IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. ) CASE NO. CR414-078
)
ROBERT EVANS and SHERYL D. )
EVANS, )
)
    Defendants. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 53), to which objections have been filed (Doc. 57). On July 22, 2014, the Magistrate Judge held a <u>Jackson-Denno</u> hearing regarding the suppression at trial of statements Defendants made to law enforcement officers during a search of Defendants' home. (Doc. 49.) As discussed at length in the report and recommendation, the Magistrate Judge concluded that the evidence presented at the hearing "established beyond any doubt that defendants' statements were not the product of any government coercion or overreaching and, therefore, were entirely voluntary." (Doc. 53 at 3.) In her objections,[1] Defendant Sheryl Evans

---

[1] Only Defendant Sheryl Evans has filed objections to the report and recommendation. On September 15, 2014, Defendant Robert Evans entered into a plea agreement with the

argues that the circumstances of her questioning amounted to a custodial interrogation and that any statements she made during the questioning should be suppressed because she was not given a Miranda warning. (Doc. 57 at 5-6.)

After careful consideration and a de novo review of the record in this case, the Court finds Defendant Sheryl Evans's objections without merit. The evidence at the hearing clearly established that the officers who questioned Defendant Sheryl Evans informed her that she was not under arrest. (Doc. 53 at 5.) In addition, the evidence shows that the officers did not physically threaten Defendant Sheryl Evans, nor did they make any promise to her in order to obtain her statement. (Id. at 7.) In her objections, Defendant Sheryl Evans attempts to portray the interaction as intimidating or coercive by pointing out that the officers were armed at all times and that she was upset during her interview.[2] (Doc. 57 at 4-5.) Such

---

Government (Doc. 58) and has since entered a guilty plea in this case (Doc. 64).
[2] Defendant Sheryl Evans also complains that officers escorted her to her bedroom to change clothes after the interview was complete. (Doc. 57 at 5.) In addition to being insufficient to establish a custodial environment, however, the Court also notes that this took place after Defendant Sheryl Evans had made her statements to the officers and while she was in the process of preparing to leave the home with her daughter. (Doc. 53 at 7.) Accordingly, the Court finds this evidence essentially

2

circumstances, however, are insufficient to establish a custodial interrogation.

While the Court acknowledges the potentially distressing nature of a search of one's home by law enforcement, it does not follow that because Defendant Sheryl Evans was upset she was therefore in custody. As stated earlier, the officers clearly indicated to Defendant Sheryl Evans that she was not under arrest and Agent Prewitt informed her that she was free to stay or leave while officers conducted their search. (Doc. 53 at 5.) In addition, the mere presence of armed officers does not transform a consensual interview into a custodial interrogation. See United States v. Peck, 2014 WL 1572437, at *1 (N.D. Ga. April 18, 2014) (unpublished) (no custodial interrogation despite presence of armed officers in raid gear). The officers never drew their weapons or otherwise indicated any intent to use force to compel Defendant Sheryl Evans's compliance. Quite simply, there was no evidence presented at the Jackson-Denno hearing to suggest that Defendant's statements were involuntary or the result of a custodial interrogation. As a result, the Court is unable to discern any reason why Defendant Sheryl Evans's

---

irrelevant regarding whether Defendant Sheryl Evans's statements were made pursuant to a custodial interrogation.

statements should not be admissible at trial. Accordingly, the Court **ADOPTS** the report and recommendation as its opinion in this case and Defendant's request to suppress the statements is **DENIED**.

SO ORDERED this 24th day of October 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA